IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY DWANE BOLDT,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 23-124-BLG-SPW<br><br>ORDER |

On October 26, 2023, pro se petitioner Anthony Dwane Boldt ("Boldt") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 8.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

Cases.

**Background**

In January of 2021, following a plea of guilty, this Court sentenced Boldt for Production of Child Pornography (Count I) and Possession of Child Pornography (Count II). He received a 360-month sentence to the Bureau of Prisons on Count I and a consecutive 120-month sentence for Count II, for a net 40-year sentence. (Doc. 1 at 2-3); *see also USA v. Boldt*, CR 20-35-BLG-SPW, Judg. (D. Mont. Jan. 14, 2021). Boldt did not appeal his sentence or conviction.

Boldt's federal sentence was ordered to run concurrently to his state sentence in *State v. Boldt*, DC-20-016. (*Id.*) In that matter, Boldt was sentenced in May of 2021 to 672 months at the Montana State Prison ("MSP") for three counts on Incest.[2] Boldt is currently incarcerated at MSP.

In his petition, Boldt asserts his attorney provided ineffective assistance of counsel in his federal proceedings by failing to investigate the background of the case and presenting perjured testimony. (Doc. 1 at 4.) Boldt also asserts he was sentenced under the wrong name. (*Id.*)[3]

---

[2] *See e.g.,* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3030531/ (accessed November 1, 2023.)

[3] A review of the Montana Correctional Offender Network lists Boldt's middle name as "Dwane," as does the caption of Boldt's petition. The Court would note that in his criminal matter, his middle name is listed as "Dwayne." Although he doesn't explain the nature of his claim, the Court presumes this name discrepancy to which Boldt refers.

**Analysis**

As a preliminary matter, Boldt has not submitted an application to proceed in forma pauperis, nor has he paid the filing fee. There is no reason to delay this matter further, however, because 28 U.S.C. § 2254 does not apply in the present case. Section 2254 applies when a state prisoner asks a federal court to review the constitutionality of a *state* criminal judgment. While Boldt is presently serving both state and federal sentences, Boldt's filing makes clear that he is seeking to challenge the validity of his *federal* criminal judgment. Accordingly, he must proceed, if at all, under 28 U.S.C. § 2255. *See Lorenstsen v. Hood*, 223 F. 3d 950, 953 (9th Cir. 2000)("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). Thus, his petition, as filed, must be dismissed.

The Clerk of Court will be directed to provide Boldt with the Court's standard 28 U.S.C. § 2255 form. Should Boldt wish to proceed in challenging the legality of his federal judgment of conviction, he should complete and return the form.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

3

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Boldt has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because Boldt seeks to challenge a federal judgment, he cannot proceed under § 2254. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Boldt's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to provide Boldt with the Court's standard 28 U.S.C. § 2255 form along with the service copy of this Order.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 3rd day of November, 2023.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge